# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-323-JST(CW) | Date | April 29, 2011 |
|---|---|---|---|
| Title | Kevin W. Mardis v. K. Allison | | |

| Present: The Honorable | Carla Woehrle, United States Magistrate Judge | |
|---|---|---|
| Donna Y. Thomas | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** (In Chambers)

    Petitioner is in custody on a 1981 conviction in California Superior Court, San Bernardino County, Case No. SCR-37540, in which he pled guilty under a plea agreement, and was sentenced to twenty-five years to life imprisonment. This court takes judicial notice of the record in Petitioner's prior action, <u>Mardis v. Evans</u>, No. EDCV 03-938-ODW(CW), particularly as set forth in the Report and Recommendation filed January 6, 2009. [EDCV 03-938, Docket no. 111.] The prior petition stated five grounds for federal habeas corpus relief:

(1) The District Attorney breached the plea agreement to "stand mute" when the District Attorney opposed parole in 2000.
(2) Petitioner was denied effective assistance of counsel in the plea proceeding.
(3) Petitioner's plea was invalid because he was not properly advised of his rights.
(6) The plea was invalid because the waiver form was defective.
(7) Petitioner was denied effective assistance of appellate counsel in regard to ground (6).

Petitioner's claims (4) and (5) did not state federal claims. The court found that the above five claims addressed the 1981 plea and were untimely, and judgment was entered on May 7, 2009, dismissing the petition, with prejudice, as time-barred. [Docket nos. 114, 115.]

    The present petition raises three grounds for relief:
(1) The plea agreement has been breached because Petitioner has now served more than the maximum sentence agreed to.
(2) The plea agreement was breached when the District Attorney opposed parole.
(3) Decisions at Petitioner's 2008 parole hearing were arbitrary.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-323-JST(CW) | Date | April 29, 2011 |
|---|---|---|---|
| Title | Kevin W. Mardis v. K. Allison | | |

On July 7, 2010, Respondent first moved to dismiss the present petition as successive to EDCV 03-938. [Docket no. 14.] In a minute order filed December 17, 2010, the court found it undisputed that EDCV 03-938 was dismissed with prejudice, and that Petitioner had not obtained leave from the Ninth Circuit to file a successive petition under 28 U.S.C. § 2244(b)(3). [Docket no. 17.] The court noted that Respondent conceded that present ground (3) was a new claim, did not challenge the conviction, could not have been brought in the prior petition, and would not be barred as successive if presented in a properly filed petition. The court denied the motion to dismiss, without prejudice to filing a new motion to dismiss the petition as successive if Respondent addressed (A) how the court should deal with a "mixed" successive/non-successive petition; and (B) whether Petitioner could make the present petition non-successive by voluntarily dismissing one or two of his claims.

On April 18, 2011, Respondent filed a new motion to dismiss the petition as successive, without addressing the above issues. [Docket nos. 22-23.]

On review, the court finds that Petitioner's claims (1) and (2) do appear to be successive, and that his non-successive claim (3)(that he was denied due process at his 2008 parole hearing) appears to be non-cognizable on federal habeas review in light of Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861-63, L. Ed. 2d ___ (2011)(per curiam)(federal claims for California parole denial limited to minimal procedural safeguards).

Petitioner is, therefore **ORDERED** to show cause why his petition should not be dismissed as successive as to claims (1) and (2), and precluded under Swarthout as to claim (3).

Petitioner may do so by filing a "Response" on or before May 27, 2011. The court will then issue further orders as appropriate.

cc: Kevin W. Mardis, # C-31019        Raquel M. Gonzalez
    CSATF State Prison                Deputy Attorney General
    P.O. Box 5242                     P.O. Box 85266
    Corcoran, CA 93212                San Diego, CA 92186