UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. MARDIS,<br><br>    Petitioner,<br><br>  v.<br><br>K. ALLISON (Acting Warden),<br><br>    Respondent. | No. EDCV 10-323-JST(CW)<br><br>ORDER DISMISSING PETITION<br>AS SUCCESSIVE |

For reasons stated below, the Petition is summarily dismissed as successive.

**BACKGROUND**

The pro se petitioner is a prisoner in state custody under a 1981 conviction in California Superior Court, San Bernardino County, Case No. SCR-37540, in which he pled guilty under a plea agreement, and was sentenced to twenty-five years to life imprisonment. This court takes judicial notice of the record in Petitioner's prior action, Mardis v. Evans, No. EDCV 03-938-ODW(CW), particularly as set forth in the Report and Recommendation filed January 6, 2009. [EDCV 03-938, Docket no. 111.] The prior petition raised five grounds for habeas corpus

1

relief:

1. The District Attorney breached the plea agreement to "stand mute" when the District Attorney opposed parole in 2000.
2. Petitioner was denied effective assistance of counsel in the plea proceeding.
3. Petitioner's plea was invalid because he was not properly advised of his rights.
6. The plea was invalid because the waiver form was defective.
7. Petitioner was denied effective assistance of appellate counsel in regard to ground 6.

(The court had previously found that Petitioner's claims 4 and 5 did not state raise federal claims.) The court then found that the above five claims addressed the 1981 plea and were untimely, and judgment was entered on May 7, 2009, dismissing the prior petition, with prejudice, as time-barred. [Docket nos. 114, 115.]

The present petition was filed on March 2, 2010, and asserts three grounds for relief:

1. The plea agreement has been breached because Petitioner has now served more than the maximum sentence agreed to.
2. The plea agreement was breached when the District Attorney opposed parole.
3. Decisions at Petitioner's 2008 parole hearing were arbitrary.

[Docket no. 1.]

On July 7, 2010, Respondent first moved to dismiss the present petition as successive to EDCV 03-938. [Docket no. 14.] In a minute order filed December 17, 2010, the court found it undisputed that EDCV 03-938 was dismissed with prejudice, and that Petitioner had not obtained leave from the Ninth Circuit to file a successive petition

under 28 U.S.C. § 2244(b)(3). [Docket no. 17.] The court noted that Respondent had conceded that present ground 3 was a new claim, did not challenge the conviction, could not have been brought in the prior petition, and would not be barred as successive if presented in a properly filed petition. The court denied the motion to dismiss, without prejudice to filing a new motion to dismiss the petition as successive if Respondent addressed how the court should deal with a "mixed" successive/non-successive petition; and whether Petitioner could make the present petition non-successive by voluntarily dismissing one or two of his claims.

On April 18, 2011, Respondent filed a new motion to dismiss the petition as successive, without addressing the above issues. [Docket nos. 22-23.] In a minute order filed April 29, 2011, the court, on further review, found that Petitioner's claims 1 and 2 did appear to be successive, and that his non-successive claim 3 (that he was denied due process at his 2008 parole hearing) appeared to be without merit in light of Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, L. Ed. 2d ___ (2011)(per curiam). [Docket no. 24.] The court, therefore, ordered Petitioner to show cause, on or before May 27, 2001, why his petition should not be dismissed as successive as to claims 1 and 2, and as precluded under Swarthout as to claim 3. [Id.] Petitioner has not filed a response to the order, and the allotted time has expired.

### DISCUSSION

A new habeas petition under 28 U.S.C. § 2254, which challenges the same state court judgment addressed in one or more prior § 2254 petitions, is a second or successive petition under 28 U.S.C. § 2244 (a)-(b). "Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits

3

in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).[1]

A federal district court may not consider a second or successive petition unless the petitioner has first obtained an order from the proper federal circuit court of appeals authorizing the district court to review the new petition. See 28 U.S.C. § 2244(b)(3)(A). The court of appeals may only authorize review of a second or successive petition in the district court if the petitioner "makes a prima facie showing [to the court of appeals] that the application satisfies the requirements of" 28 U.S.C. § 2244(b). See 28 U.S.C. § 2244(b)(3)(C); Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

The present petition is a second or successive petition under § 2244(b)(3)(A) because it challenges the same state court judgment challenged in a prior federal petition, and the prior petition was dismissed with prejudice. Specifically, the present petition is successive, because there is no evident legal reason Petitioner could not have raised present claims 1 and 2 in his prior petition.

In present ground 3, Petitioner claims that he was denied due process at his 2008 parole hearing. Petitioner could not have raised this claim in his prior petition. "That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002)(citation omitted). "[T]he Supreme

---

[1] A new petition is not subject to dismissal as successive with respect to a prior petition dismissed, without prejudice, for failure to exhaust state remedies. Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). That exception does not apply in the present case.

4

Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions." Id. (citations omitted). If Petitioner were to amend the present petition to delete grounds 1 and 2, leaving only ground 3, the present petition would not be successive.

However, in Petitioner's case, such an amendment would be futile. In present ground 3, Petitioner contends that the parole board's decision - not to allow him to represent himself, and to postpone the hearing until possible counsel for Petitioner could be considered - was arbitrary and capricious. In Swarthout v. Cooke the Supreme Court held that, assuming California parole law created a liberty interest in parole protected by the federal due process clause, that protections in question were limited to the minimal procedural safeguards recognized in Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), namely, an opportunity to be heard and a statement of reasons why parole was denied. See Swarthout, 131 S. Ct. at 861-63. There is no reason, on the present record, to conclude that the denial of Petitioner's request to represent himself at a parole hearing, and the postponement of the hearing, violated the core due process requirements recognized in Greenholtz. Thus, in light of Swarthout, it would be futile to attempt to cure the successiveness of the present petition by deleting grounds 1 and 2 and proceeding on ground 3 alone, even if Petitioner should elect to do so.

In any event, Petitioner has not elected to delete grounds 1 and 2, and the present petition remains successive. This court may not review a successive petition unless the petitioner has first obtained the required order from the United States Court of Appeals for the

Ninth Circuit. There is no indication in the record that Petitioner has obtained such an order. Therefore, the present petition is subject to dismissal without prejudice. Petitioner may file a new petition in this court if and only if he first obtains authorization from the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

**ORDERS:**

1. Respondent's motion to dismiss (docket no. 22, filed April 18, 2011) is **GRANTED**.

2. It is **ORDERED** that judgment be entered dismissing the petition as successive.

DATED: 6·10·2011

JOSEPHINE STATON TUCKER
United States District Judge

Presented by:
Dated: June 3, 2011

CARLA M. WOEHRLE
United States Magistrate Judge